IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **QUANG DANGTRAN,** *et al.* | § | |
| | § | |
| v. | § | NO. 4:23-CV-00938-SDJ-BD |
| | § | |
| **ADEOLA NICOLE WILLIAMS,** *et al.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Proceeding pro se, Quang Dangtran and Ha Ngyuen sued Adeola Nicole Williams and the United States Department of Housing and Urban Development ("HUD"). Dkt. 1. Williams and HUD each moved to dismiss. Dkts. 16, 17; *see* Dkts. 19 (response to Williams's motion), 21 (HUD's notice of non-response), 22 (plaintiffs' response to HUD's notice of non-response). The court will recommend dismissal.

**BACKGROUND**

**I. Factual Background**

According to their complaint, Dangtran and Nguyen rent out individual rooms in their house. They posted an advertisement on Craigslist for one of the rooms, and Williams responded. Dangtran asked Williams for a picture of herself, but she refused to send one and ended the conversation. Dangtran followed up a few days later to see if Williams was still interested in the room. Williams again refused to send a picture, but the two set a meeting for her to see the house. When Williams arrived, Dangtran questioned her "outside prior to inviting her into the residence" and "was not interested in presenting the interior of the residence to" her. Dkt. 1 at 8.

Dangtran and Nguyen allege that Williams "had chosen not to divulge that she was a black woman looking to move into a house that she knew was Asian." *Id.* They describe her conduct as "a plan of deception and vagueness" "meant to deceive this Asian-American family" and accuse her of choosing to "'spring' the truth" on them. *Id.* at 8–9. After realizing that Williams is Black,

the plaintiffs "chose to look at other candidates seeking to rent a room in their residence." *Id.* at 10.

After the plaintiffs refused to rent to Williams, she filed a complaint with HUD for violations of the Fair Housing Act ("FHA") and prevailed in an administrative proceeding. *See* Dkt. 16-1. Dangtran and Nguyen then sued Williams and HUD under 42 U.S.C. § 1983, claiming violations of the FHA. They allege that Williams and HUD colluded against them in a scheme of "inter-minority racial discrimination." Dkt. 1 at 12 (emphasis removed).

## II. Procedural History

HUD and Williams each moved to dismiss the complaint. Dkts. 16, 17. HUD argues that it is immune from suit and that the complaint fails to state a claim on which relief can be granted. Dkt. 17. Williams argues that the case against her should be dismissed for insufficient service of process, lack of subject-matter jurisdiction, immunity, untimeliness, and failure to state a claim. Dkt. 16. The plaintiffs filed a response to Williams's motion. Dkt. 19. HUD filed a notice pointing out the plaintiffs' failure to respond to its motion. Dkt. 21. The plaintiffs responded to HUD's notice, asserting that they "responded to the Motion(s) to Dismiss in a timely manner." Dkt. 22. Based on that assertion, the court will construe their response to Williams's motion to dismiss as addressing both dismissal motions.

## LEGAL STANDARDS

### I. Subject-Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) authorizes a motion to dismiss for "lack of subject-matter jurisdiction." "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction"; in other words, "the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The court may reach that conclusion based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the

record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d at 161.

When a Rule 12(b) motion raises a jurisdictional challenge in conjunction with other grounds for dismissal, the court must address the jurisdictional question first. *Id.* That requirement "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.*

## II. Failure to State a Claim

Rule 12(b)(6) motions "are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). In considering such a motion, the court must first identify and exclude legal conclusions in the complaint that "are not entitled to the assumption of truth," then consider the remaining "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The court must accept as true all well-pleaded facts and view them in the light most favorable to the plaintiff. *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020). The complaint will survive the motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In considering the motion, the court may not look beyond the pleadings and any attachments to them. *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss" from being granted. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quotation marks omitted).

## DISCUSSION

### I. HUD's Motion to Dismiss

In its motion to dismiss, HUD argues that sovereign immunity bars the suit because the FHA does not waive its immunity and because the plaintiffs did not first present their tort claims as required by the Federal Tort Claims Act ("FTCA"); that the plaintiffs should have filed their challenge to HUD's decision in the court of appeals; and that the plaintiffs failed to state a claim for a violation of the FHA or for relief under § 1983. The plaintiffs' response addresses those arguments only to the extent that it cites *Conley v. Gibson*, 355 U.S. 41 (1957), for the federal

pleading standard despite conceding that *Twombly* expressly retired that standard, 550 U.S. at 562; *see* Dkt. 19 at 6.

The court lacks jurisdiction over the plaintiffs' claims against HUD because sovereign immunity bars the FHA claims and the tort claims that have not been administratively exhausted. To the extent the plaintiffs seek review of an adverse decision by HUD, the district court lacks jurisdiction to hear their appeal. And the plaintiffs cannot proceed against HUD under either § 1983 or *Bivens*.

### A. Sovereign immunity

Absent a waiver, sovereign immunity operates as a jurisdictional bar to shield the federal government and its agencies from suit. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4 (1969). Any "waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Plaintiffs "bear the burden of showing Congress's unequivocal waiver of sovereign immunity." *Spotts v. United States*, 613 F.3d 559, 568 (5th Cir. 2010).

The plaintiffs make no attempt to show a waiver. Nor could they. Congress has not waived sovereign immunity for FHA suits. *See McCardell v. HUD*, 794 F.3d 510, 522 (5th Cir. 2015) (noting that "[t]he language of the Fair Housing Act does not make 'unmistakably clear' that Congress intended to abrogate" sovereign immunity and that the statute "contains no provision evidencing such intent"); *Unimex, Inc. v. HUD*, 594 F.2d 1060, 1061–62 (5th Cir. 1979). That means the court may not reach the merits of the plaintiffs' FHA claims. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

### B. Failure to exhaust

The FTCA provides a limited waiver of sovereign immunity:

4

> Subject to the provisions of chapter 171 of this title, the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). That language waives immunity "only for certain tort claims," *Vance v. DOL*, 813 F. App'x 984, 984 (5th Cir. 2020) (per curiam), and establishes "the exclusive remedy" against the government for torts committed by its employees in the scope of their employment, *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988).

Notwithstanding that waiver of immunity, the FTCA bars a suit brought before "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). That procedural requirement "is jurisdictional and cannot be waived." *Emps. Welfare Comm. v. Daws*, 599 F.2d 1375, 1378 (5th Cir. 1979). "Because presentment is a condition upon which the government consents to be sued under the FTCA's waiver of sovereign immunity, it must be strictly construed in favor of the United States." *Barber v. United States*, 642 F. App'x 411, 413–14 (5th Cir. 2016) (cleaned up).

Failure to exhaust administrative remedies precludes a lawsuit. *McNeil v. United States*, 508 U.S. 106, 113 (1993). That is true even for pro se plaintiffs. *Id.* (noting that "procedural rules in ordinary civil litigation [may not] be interpreted so as to excuse mistakes by those who proceed without counsel" even when a pro se litigant "may make a fatal procedural error").

HUD argues that, to the extent any of their claims sound in tort, the plaintiffs failed to present them first to the agency. And the plaintiffs do not argue that they presented their claims as required by the FTCA. To the extent that the plaintiffs raise tort claims, the claims should be dismissed for lack of jurisdiction.

### C. Lack of appellate jurisdiction

Codified at 42 U.S.C. § 3612, section 812 of the FHA gives a party alleging a violation "an opportunity for a hearing on the record" conducted by an administrative law judge ("ALJ") at

5

which "each party may appear in person, be represented by counsel, present evidence, cross-examine witnesses, and obtain the issuance of subpoenas." The ALJ "shall make findings of fact and conclusions of law" and either "issue an order for such relief as may be appropriate" or "enter an order dismissing the charge." *Id.* § 3612(g)(2), (3), (7). The Secretary may then review the ALJ's order, after which it becomes final. *Id.* § 3612(h). Section 3612 further provides that "[a]ny party aggrieved by a final order for relief under this section granting or denying in whole or in part the relief sought may obtain a review of such order under chapter 158 of Title 28." *Id.* § 3612(i). 28 U.S.C. § 2342, which is part of chapter 158, states that the court of appeals "has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of . . . all final orders under section 812 of the Fair Housing Act."

HUD argues that this court lacks jurisdiction to consider a challenge to the ALJ's decision and that the plaintiffs should have filed their appeal in the court of appeals. In their complaint, the plaintiffs explain that this suit "is the direct result of the failure of" Williams "through her legal representing agency," HUD, "to properly, and justly, pursue a Fair Housing Act Complaint in good faith." Dkt. 1 at 1. To the extent that the allegations against Williams or HUD challenge the decision of the ALJ, the court lacks jurisdiction over them. *See Dangtran v. Sec'y, United States Dep't of Housing & Urban Dev. on behalf of Williams*, No. 4:23-CV-00020-ALM-AGD, 2023 WL 6065081, at *2 (E.D. Tex. Aug. 29, 2023), *report and recommendation adopted,* No. 4:23-CV-00020-ALM-AGD, 2023 WL 6162744 (E.D. Tex. Sept. 21, 2023).

### D. Unavailability of relief against HUD under § 1983 or *Bivens*

Dangtran and Nguyen allege a violation of the FHA and seek relief under 42 U.S.C. § 1983. The court construes their § 1983 claim liberally to encompass a possible *Bivens* claim, but the claim fails under either theory.

To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To survive a motion to dismiss, the plaintiff "must enunciate a set of facts that illustrate the

6

defendants' participation in the wrong alleged." *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Section 1983 applies to acts by state, not federal, actors. *Thurman v. Med. Transp. Mgmt., Inc.*, 982 F.3d 953, 955 (5th Cir. 2020).

HUD argues that, because it is not a state actor, the plaintiffs cannot state a claim against it for relief under § 1983. That is correct. *See id.*

But because Dangtran and Nguyen are pro se, the court construes their attempted § 1983 claim liberally as a claim brought under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *See Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005) (explaining that the claims authorized by § 1983 and *Bivens* are coextensive and that the Fifth Circuit does not distinguish between them). "*Bivens* established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980). Sovereign immunity does not bar a *Bivens* action against a federal official in his or her individual capacity. *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999). A federal agency, however, is not a proper defendant in a *Bivens* claim. *Meyer*, 510 U.S. at 486 (stating that "[a]n extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself"). Any *Bivens* claim against HUD should therefore be dismissed.

## II. Williams's Motion to Dismiss

Williams moved to dismiss for lack of subject-matter jurisdiction, failure to state claims, insufficient process, absolute immunity, and untimeliness. Her challenge to subject-matter jurisdiction fails, but she is entitled to dismissal on the merits.

### A. Subject-matter jurisdiction

Williams argues that the court lacks subject-matter jurisdiction over the plaintiffs' claims because the plaintiffs do not sufficiently allege claims under § 1983 or the FHA. Dkt. 16 at 4. In response, the plaintiffs suggest that subject-matter jurisdiction is a "correctable error," Dkt. 19 at 5, and that the *Conley* pleading standard applies, *id.* at 6.

"[F]ailure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction." *Hagans v. Lavine*, 415 U.S. 528, 542 (1974); *see Sarmiento v. Tex. Bd. of Veterinary Medical Examiners*, 939 F.2d 1242, 1245 (5th Cir. 1991). For that reason, Williams's putative jurisdictional challenge fails. "Where the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. May 1981); *see Steel Co.*, 523 U.S. at 96 (explaining that "the nonexistence of a cause of action [is] no proper basis for a jurisdictional dismissal"). The plaintiffs allege violations of federal statutes, which brings their claims within the court's jurisdiction. 28 U.S.C. § 1331.

### B. Failure to state a claim

Like HUD, Williams argues that the plaintiffs fail to state a claim for violation of the FHA or for relief under § 1983. In response, the plaintiffs insist that they have satisfied the pleading requirement.

The plaintiffs fail to state any claim against Williams. They do not allege that Williams "refuse[d] to sell or rent" or "to negotiate for the sale or rental of . . . a dwelling" because of a protected status, as prohibited by the FHA. 42 U.S.C. § 3604(a). Nor do they allege that she acted under color of state law to violate their rights, such that they could be entitled to relief under § 1983.

To the extent that the plaintiffs present a *Bivens* claim against Williams, it, too, should be dismissed. The Supreme Court has recognized *Bivens* claims for alleged violations of only three constitutional rights: "(1) the Fourth Amendment prohibition against unreasonable searches and seizures, (2) the Fifth Amendment Due Process Clause for gender discrimination, and (3) the Eighth Amendment Cruel and Unusual Punishments Clause for failure to provide adequate medical treatment." *Rroku v. Cole*, 726 F. App'x 201, 205 (5th Cir. 2018). Expanding *Bivens* to other contexts is "a 'disfavored' judicial activity." *Hernandez v. Mesa*, 589 U.S. 93, 101 (2020) (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017)).

Because the plaintiffs do not allege violations of any rights for which a *Bivens* remedy is available, the court must consider whether their claims support extending that remedy. *See Butts v. Martin*, 877 F.3d 571, 587–88 (5th Cir. 2017) (discussing the circumstances under which the court may extend *Bivens* to a new context). The plaintiffs allege that Williams conspired with HUD to violate the FHA and discriminate against them by successfully bringing an FHA claim against them. The FHA already provides a mechanism to vindicate the rights it protects. There is therefore no basis to extend a *Bivens* remedy for the same alleged violations. *See Abbasi*, 582 U.S. at 137 (explaining that "if there is an alternative remedy structure present in a certain case," the existence of that process "alone may limit the power of the judiciary to infer a new *Bivens* cause of action").

## C.  Service of process

Federal Rule of Civil Procedure 12(b)(5) allows for dismissal based on insufficient service of process. The serving party has the burden of demonstrating valid service. *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

Rule 4(e) requires the plaintiff to serve the defendant by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Texas, the State in which this court sits, requires service by "(1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." Tex. R. Civ. P. 106(a). The court may authorize service by other means, including email, only

9

> [u]pon motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful.

*Id.* R. 106(b).

Williams argues that she was not properly served because the plaintiffs had a family member email her copies of the summons and complaint. *See* Dkt. 14. She points out that the plaintiffs did not move for alternative service or file an affidavit describing unsuccessful attempts at service as required by Rule 106. The plaintiffs respond that defective service "is a correctable error." Dkt. 19 at 4.

The court has "broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994). "It is rare to dismiss a cause due to the failure to properly serve a defendant; normally, the Court only resorts to dismissal after multiple chances were given." *Coleman v. Carrington Mortg. Servs., LLC*, No. 419-CV-00231-ALM-CAN, 2021 WL 1725523, at *3 (E.D. Tex. Apr. 12, 2021) (quotation marks omitted), *report and recommendation adopted*, No. 4:19-CV-00231, 2021 WL 1721706 (E.D. Tex. Apr. 30, 2021).

If insufficient process were the only defect, the court would afford the plaintiffs another opportunity to serve the defendants before recommending dismissal. But because the plaintiffs fail to state a claim, that defect requires dismissal.

**D. Other arguments**

Williams also argues that she enjoys absolute immunity from suit based on her successful FHA complaint and that the plaintiffs' claims are barred by the applicable statutes of limitations. Because the case against her should be dismissed for failure to state a claim, the court need not consider those arguments, neither of which implicates subject-matter jurisdiction. *Day v. McDonough*, 547 U.S. 198, 205 (2006); *Cozzo v. Tangipahoa Par. Council—President Gov't*, 279 F.3d 273, 283 (5th Cir. 2002).

### III. Leave to Amend

A "plaintiff's failure to meet the specific pleading requirements should not automatically or inflexib[ly] result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). And a pro se litigant should generally be given a chance to amend his or her complaint before it is dismissed. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (per curiam). "Granting leave to amend is not required, however, if the plaintiff has already pleaded his [or her] 'best case,'" *id.* at 768 (quoting *Bazrowx*, 136 F.3d at 1054), or if amendment would be futile, *see Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

Amendment cannot overcome the jurisdictional prohibition of the plaintiffs' claims against HUD. And because the facts alleged demonstrate that any amendment of the claims against Williams would be futile, the plaintiffs should not be permitted to amend.

### RECOMMENDATION

It is **RECOMMENDED** that the motions to dismiss, Dkts. 16, 17, be **GRANTED**, that the claims against HUD be **DISMISSED WITHOUT PREJUDICE**, and that the claims against Williams be **DISMISSED WITH PREJUDICE**.

\* \* \*

Within 14 days after service of this report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a de novo review by the district court of the findings and conclusions contained in this report only if specific objections are made. *Id.* § 636(b)(1). Failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

So **ORDERED** and **SIGNED** this 1st day of August, 2025.

_____
Bill Davis
United States Magistrate Judge